# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DAMIEN SPIEHLER,** | |
| **Plaintiff,** | **8:12CV3030** |
| vs. | |
| **ZACHRY CONSTRUCTION CORPORATION, ZACHRY INDUSTRIAL INC., and TEAM INDUSTRIAL SERVICES, INC. OF ALVIN, TX,** | **STIPULATED PROTECTIVE ORDER** |
| **Defendants.** | |

Plaintiff Damien Spiehler, Defendant, Zachry Industrial, Inc. (f/k/a Zachry Construction Corporation) ("Zachry"), and Defendant Team Industrial Services, Inc. of Alvin, Texas, hereby stipulate and agree, and request an Order of this Court, to the following Stipulated Protective Order as follows:

WHEREAS, information has been and/or may be sought, produced, or exhibited by and among the parties to this action relating to confidential commercial information, proprietary information, trade secrets, personal and confidential information including confidential health related information, and information related to national security.

THEREFORE, a Stipulated Protective Order of this Court protecting all such information as confidential shall be and hereby is made by this Court on the following terms:

1.  This Stipulated Protective Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Stipulated Protective Order in accordance with the terms hereof.

2.  Any party or non-party producing, serving, or filing documents or other materials in this action ("Producing Party") may designate any discovery materials as "Confidential" under the terms of this Stipulated Protective Order if the Producing Party believes in good faith that such Discovery Materials contain non-public, confidential, propriety or commercially or personally sensitive information that requires the

protections provided in this Stipulated Protective Order. The designation by any Producing Party of Discovery Material as "Confidential" shall be made only after review by an attorney for the Producing Party based on a good faith belief that there is a valid basis for such designation.

3. This Stipulated Protective Order applies to any materials produced in this action that the Producing Party designates as "Confidential" by so stamping, labeling, marking or writing, or by any other physical indication whatsoever. All such items marked "Confidential" shall be treated as such for purposes of this Stipulated Protective Order. The Producing Party may also designate documents as "Confidential" by written notice to opposing counsel which identifies the documents so designated by Bates number or other reasonable identifying characteristic, and such designation may be made after production in the event a party inadvertently failed to so mark such document(s) as "Confidential."

4. If a Producing Party believes in good faith that there is a substantial risk of identifiable harm if particular documents or other materials it designates as "Confidential" are disclosed to other Parties or non-parties to this action, the Producing Party may designate those particular documents or other materials as "Confidential — Attorneys' Eyes Only." The designation as "Confidential – Attorneys' Eyes Only" shall be made only after review by an attorney for the Producing Party based on a good faith belief that there is a valid basis for such designation.

5. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or other materials subject to this Stipulated Protective Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" or "Confidential — Attorneys' Eyes Only" and shall file them with the clerk pursuant to NECivR 5.3 and 7.5; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

6. All documents, transcripts, or other materials subject to this Stipulated Protective Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential — Attorneys' Eyes Only"

hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Stipulated Protective Order.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document or any other information as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Stipulated Protective Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Stipulated Protective Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

8. Except with the prior written consent of the Producing Party designating a document or portions of a document or any other information as "Confidential" or "Confidential — Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" or "Confidential — Attorneys' Eyes Only" treatment under this Stipulated Protective Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential — Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Stipulated Protective Order and may not be disclosed to any person other than: (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary

to disclose the information for this litigation; (b) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the Declaration of Compliance, attached hereto as Exhibit A; (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and (e) the author of the document or the original source of the information.

9. All persons, excluding those identified in Paragraphs 6(a)-6(e), 7(a) and 7(c)-(e), receiving any or all documents or any other information produced pursuant to this Stipulated Protective Order shall be advised of their confidential nature and must sign the Declaration of Compliance, attached hereto as Exhibit A, before receiving any such documents or information. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcripts shall disseminate or disclose them to any person other than those described above in Paragraphs 6-7 and for the purposes specified, and in no event shall such person make any other use of such documents, information, or transcripts.

10. The Parties acknowledge that some of the information produced in this case may be and/or contain protected health information within the meaning of HIPAA. Consistent with 45 C.F.R. § 164.512(e)(1)(iv)&(v):

    a. Counsel and the party seeking protected health information shall not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information has been requested.

    b. Counsel and the party requesting the protected health information shall return or destroy the protected health information (including all copies made) at the end of the litigation or proceeding.

11. Nothing in this Stipulated Protective Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential —

Attorneys' Eyes Only" provided, however, appropriate steps are taken to protect the confidential information therein.

12. This Stipulated Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Stipulated Protective Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential — Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Stipulated Protective Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished the same or destroyed at the option of the party producing or furnishing the same.

14. In the event that any party to this litigation disagrees at any point in these proceedings with any designation of confidentiality made under this Stipulated Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information as confidential, the designated document or information shall continue to be treated as "Confidential" or "Confidential — Attorneys' Eyes Only," subject to the provisions of this Stipulated Protective Order.

15. This Stipulated Protective Order shall be without prejudice to the right of any of the parties of this action (a) to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not confidential; (b) to seek a further protective order; (c) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (d) by application and notice, to seek relief from any provision of this Stipulated Protective Order on any ground. During the pendency of any challenge to the applicability of this Stipulated Protective Order to any document,

information or thing, however, said document, information or thing shall remain subject to the provisions of this Stipulated Protective Order.

16. If a party that receives Protected Documents or Confidential Information discovers that, whether through inadvertence or otherwise, it has disclosed or provided documents or information designated as "Confidential" to any person or entity not authorized to review it under the terms of this Stipulated Protective Order, then that party shall promptly (a) make reasonable best efforts to seek the return of the documents or information, (b) inform the other party of the disclosure and the relevant circumstances (including the identity(ies) of the person or entity to whom disclosure was made), and (c) advise the recipient of the provisions of this Stipulated Protective Order and request that they agree to its terms in writing by signing the Declaration of Compliance, attached hereto as Exhibit A. This paragraph does not limit the remedies that the other party may pursue for breach of this Stipulated Protective Order.

17. This Stipulated Protective Order does not authorize or require disclosure of documents or information protected by or subject to claims of privilege or protection, including but not limited to the attorney-client privilege or work product protection. If a party inadvertently or mistakenly produces documents or information subject to a claim of privilege or protection, such production will not automatically waive otherwise applicable claims of privilege or protection. Upon receipt of written notice identifying privileged or protected documents that were inadvertently or mistakenly produced, the receiving party shall within ten (10) business days: (a) return or certify the destruction of all such documents; and (b) destroy work product or portions of any work product containing or reflecting their contents. This provision shall not affect any rights of the party returning such inadvertently produced documents to move for *in camera* inspection of the documents and to compel production of the returned documents.

18. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Stipulated Protective Order.

19. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

20.     All ethical, legal, and equitable rights and obligations not addressed in this Stipulated Protective Order remain in force.

IT IS HEREBY ORDERED.

DATED this 7th day of January, 2013.

> BY THE COURT:
>
>  s/ Thomas D. Thalken
> United States Magistrate Judge

7

**EXHIBIT A**
**DECLARATION OF COMPLIANCE**

I have read the Stipulated Protective Order entered by the United States District Court for the District of Nebraska in the action entitled *Damien Spiehler v. Zachry Industrial Inc. et al.*, Case No. 8:12CV3030.  I understand the Stipulated Protective Order is a court order designed to preserve the confidentiality of information designated under the terms of the Stipulated Protective Order.  I agree to comply with all provisions of the Stipulated Protective Order.  I also hereby submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of any provision of the Stipulated Protective Order.

Dated:  _____        _____
                                                                            Signature

                                                                 _____
                                                                            Name (Print)

EXHIBIT A